UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BEN GYADU,
    Plaintiff,

v.

APPELLATE COURT,
    Defendant.

CIVIL ACTION NO.
3:09CV027 (SRU)

**RULING AND ORDER**

Ben Gyadu, acting *pro se*, brings this action against the Appellate Court of the State of Connecticut ("Appellate Court"). Gyadu seeks recovery under 42 U.S.C. § 1983 for alleged violations of the 5th and 14th Amendments arising out of the Appellate Court's order of sanctions against him. The Appellate Court has moved to dismiss Gyadu's complaint in its entirety for several reasons, including lack of subject matter jurisdiction [**doc. # 7**]. For the following reasons motion to dismiss is **GRANTED**.

**I.    Standard of Review**

The party who seeks to invoke the jurisdiction of the court bears the burden of establishing subject matter jurisdiction. *Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994). *Id*. Although the plaintiff bears the ultimate burden of establishing jurisdiction by a preponderance of the evidence, "until discovery takes place, a plaintiff is required only to make a prima facie showing by pleadings and affidavits that jurisdiction exists." *Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996). If a plaintiff has failed to allege facts supporting subject matter jurisdiction, it is within the court's discretion to allow or to require the plaintiff to supply, by amendment to the complaint or by affidavits, further particularized allegations of fact. *Thompson*, 15 F.3d at 249.

**II.     Background**

Ben Gyadu brings this action pursuant to section 1983 for alleged violations of the 14th Amendment and the 5th Amendment's double jeopardy clause.  The following facts, taken from Gyadu's complaint [doc. # 3], are assumed to be true for the purposes of this ruling.

This case arises out of a foreclosure action brought in Connecticut Superior Court. Gyadu owned a condo in Waterbury, Connecticut and the condominium association replaced the existing management company, New Samary Associates, with G&W Management.  Gyadu argues that the condominium association effected the change in management without the consent of the unit owners, in violation of the right of notice clause. (doc. # 3 at  2.)  G&W assumed management responsibilities of the condominium complex and assessed unit owners common charges and late fees.  Gyadu alleges that he already paid the common charges to New Samary, and, therefore, G&W was attempting to force a second payment from him.  *Id.*  Upon Gyadu's failure to pay, G&W instituted a foreclosure action against him.  Gyadu moved to dismiss the foreclosure action. (doc. # 3 at 3.)  The Superior Court denied the motion and Gyadu appealed to the Appellate Court.   The Appellate Court dismissed Gyadu's appeal and ordered Gyadu to pay $8,017 in costs.  Gyadu failed to pay the ordered amount.  In response, the Appellate Court dismissed all of Gyadu's pending appeals.  (doc. # 3 at 3-4.)  Specifically, the order stated: "The following appeals are dismissed for failure of Benjamin Gyadu to comply with the order of July 12, 2000, ordering Benjamin Gyadu to pay monetary sanctions on or before October 11, 2000. . . . Benjamin Gyadu is prohibited from filing papers or appearing before this court for a period of one year from October 13, 2000." (doc. # 3, Ex. A.)  At the end of the year, Gyadu failed to comply with the court's order, which resulted in a permanent bar until such time that Gyadu

complies with the order.[1]  (doc. 7, Ex. 5.)

Gyadu attempted to appeal the Appellate Court's order.  He also filed an action against the clerk of the Superior Court who issued the ejectment order.  *See Gyadu v. Law Offices of Eugene Melchionne*, No. CV-08-50074589-S.  The Superior Court dismissed that action.  Gyadu argues that the Appellate Court's order and refusal of the Superior Court clerk to transfer his case to a neutral venue renders him unable to appeal the Superior Court's dismissal of the action.  (doc. # 3 at 5.)  Initially, Gyadu sought leave to proceed *in forma pauperis* to file a federal suit against the Superior Court.  Magistrate Judge Garfinkel granted Gyadu's motion, but issued a recommended ruling and order, that I adopted, concluding that Gyadu's complaint contained "several fundamental problems," including claims barred by the Eleventh Amendment, failure to state a Section 1983 claim, and judicial immunity.  *See Gyadu v. Superior Court of Waterbury*, 2008 U.S. Dist. LEXIS 63546, at *3 (D. Conn. July, 31, 2008) (adopted Oct. 30, 2008).

Here, Gyadu asserts similar claims against the Appellate Court and asks that I enjoin the Appellate Court's order so that Gyadu could pursue his appeal in the Appellate Court.

**III.   Discussion**

Accepting as true all factual allegations in Gyadu's complaint and construing it liberally under the standard afforded *pro se* submissions, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), Gyadu raises no cognizable claim against the Appellate Court.  I am, therefore, required to dismiss Gyadu's complaint.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (mandating that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

---

[1] Gyadu is also prohibited from filing any pleadings in the Connecticut Supreme Court. (doc. 7, Ex. 12.)

claim on which relief may be granted."); *see also Cruz v. Gomez*, 202 F.3d 593, 596 (2d Cir. 2000).

### A. *Rooker-Feldman* Doctrine

Gyadu frames this action as a section 1983 claim and asks that I review the constitutionality of the Appellate Court's order and enjoin its enforcement.  In *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), the Supreme Court concluded that federal district courts lack subject matter jurisdiction to review final state court judgments.  Under the *Rooker-Feldman* doctrine, a "party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).  "[A] United States District Court has no authority to review final judgments of a state court in judicial proceedings.  Review of such judgments may be had only in [the United States Supreme] Court." *Feldman*, 460 U.S. 482.  There are four "requirements" that must be met before the *Rooker-Feldman* doctrine applies: "First, the federal-court plaintiff must have lost in state court.  Second, the plaintiff must 'complain[ ] of injuries caused by [a] state-court judgment [.]'  Third, the plaintiff must 'invite district court review and rejection of [that] judgment[ ].'  Fourth, the state-court judgment must have been 'rendered before the district court proceedings commenced.'" *Green v. Mattingly,* 585 F.3d 97, 101 (2d Cir. 2009) (citing *Hoblock v. Albany County Bd. of Elections*, 422 F.3d 77, 85 (2d Cir. 2005).

Here, Gyadu's appeal of the foreclosure action was dismissed.  The injury Gyadu complains of, the inability to pursue his appeal, is caused by the Appellate Court's order.  Gyadu

asks that I review the order and enjoin its enforcement.  It is undisputed that the order was issued prior to the filing of the instant action; the Appellate Court issued the first dismissal on October 13, 2000.  (doc. # 3, Ex. A.)  Gyadu effectively asks this court to rule on the propriety of the Appellate Court's order, and declare the order invalid.  Under the *Rooker-Feldman* doctrine, this court cannot grant Gyadu the relief that he seeks.  This court does not have subject matter jurisdiction to consider appeals from the Connecticut Appellate Court.

### B. Eleventh Amendment

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S. Const. amend. XI.  That bar extends to suits brought in federal courts by the state's own citizens as well as by citizens of other states.  *See Pennhurst State Sch. v. Halderman,* 465 U.S. 89, 100 (1984); *Edelman v. Jordan,* 415 U.S. 651, 662-63 (1974); *Mancuso v. N.Y. State Thruway Auth.,* 86 F.3d 289 (2d Cir. 1996).  Unless a state consents to suit, the Eleventh Amendment bars suits brought against the state in federal court by its own citizens.  *Seminole Tribe of Fla. v. Florida,* 517 U.S. 44 (1996).  The State of Connecticut has not waived its Eleventh Amendment immunity from suit under 42 U.S.C. § 1983.  *See Fernandez v. Armstrong*, No. 3:02CV2252(CFD), 2005 WL 733664, at *3 (D. Conn. March 30, 2005); *see also Krozer v. New Haven*, 212 Conn. 415 (Conn. 1989), *cert. denied*, 493 U.S. 1036 (1990).  Furthermore, section 1983 does not abrogate the immunity of the states, including Connecticut.  *See Quern v. Jordan,* 440 U.S. 332, 345 (1979).  A suit against a state court, such as defendant Appellate Court, is considered an action against the state, and is therefore also prohibited by the Eleventh

Case 3:09-cv-00027-SRU   Document 17   Filed 12/17/09   Page 6 of 6

Amendment. *See, e.g., Mathis v. Clerk of the First Dep't, App. Div.,* 631 F. Supp. 232, 234 (S.D.N.Y. 1986). Accordingly, this court lacks subject matter jurisdiction over Gyadu's claims against the Connecticut Appellate Court and the complaint must be dismissed.[2]

### IV. Conclusion

This court lacks subject matter jurisdiction over the claims alleged in Gyadu's complaint. Accordingly, the Appellate Court's motion to dismiss [**doc. # 7**] is **granted** pursuant to 28 U.S.C. § 1915(e)(2)(B). Gyadu's motion to stay [**doc. # 13**] is denied as moot.

It is so ordered. The clerk is directed to enter judgment and close this case.

Dated at Bridgeport, Connecticut, this 16th day of December, 2009.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge

---

[2] Given the absence of subject matter jurisdiction, I need not reach the arguments that Gyadu's claims fail to state a cause of action.