# UNITED STATES DISTRICT COURT
# DISTRICT OF CONNECTICUT

| | |
|---|---|
| BEN GYADU,<br>    Plaintiff,<br><br>    v.<br><br>APPELLATE COURT,<br>    Defendant. | CIVIL ACTION NO.<br>3:09CV027 (SRU) |

### RULING ON MOTION FOR RECONSIDERATION, MOTION TO AMEND AND MOTION TO REOPEN

Ben Gyadu, acting *pro se*, brought this action against the Appellate Court of the State of Connecticut ("Appellate Court") seeking recovery under 42 U.S.C. § 1983 for alleged violations of the Fifth and Fourteenth Amendments arising out of the Appellate Court's order of sanctions against him. On December 17, 2009 I granted the Appellate Court's motion to dismiss Gyadu's complaint for lack of subject matter jurisdiction [**doc. # 7**] and ordered the clerk to close the file. The judgment entered on December 29, 2009. On January 14, 2010, Gyadu filed a motion for reconsideration (doc. # 19). The following day he filed a motion for an extension of time to amend the complaint (doc. # 20). On February 1, 2010, Gyadu filed a motion to reopen the judgment (doc. # 21). I assume familiarity with the facts and procedural background of this case. For a detailed discussion of that history, including the factual and legal basis for dismissal, *see Gyadu v. Appellate Court,* No. 09cv207(SRU), 2009 WL 5110842 (D. Conn. Dec. 17, 2009).

The standard for granting motions for reconsideration is strict; motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d

255, 257 (2d Cir. 1995). Motions for reconsideration will not be granted where the party merely seeks to relitigate an issue that has already been decided. *Id.* The three major grounds for granting a motion for reconsideration in the Second Circuit are: (1) an intervening change of controlling law, (2) the availability of new evidence, or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citing 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice & Procedure* § 4478).

In his motion for reconsideration, Gyadu argues that I overlooked facts in his complaint, erroneously concluded that I lacked jurisdiction over his claims, and misinterpreted the allegations in the complaint. *See* doc. # 19 at 12,15. I neither overlooked facts nor misinterpreted the allegations pled in Gyadu's complaint. In order to invoke this court's jurisdiction, Gyadu was required to make a *prima facie* showing that subject matter jurisdiction existed. *See Thompson v. County of Franklin*, 15 F.3d 245, 249 (2d Cir. 1994); *Koehler v. Bank of Bermuda*, 101 F.3d 863, 865 (2d Cir. 1996). Although Gyadu framed his action as a section 1983 claim against the Appellate Court, his claims were barred by the *Rooker-Feldman* doctrine and the Eleventh Amendment. *See Gyadu v. Appellate Court,* 2009 WL 5110842 at *2-3. Gyadu's motion fails to demonstrate an error of fact or law that, if corrected, would overcome the jurisdictional defect and permit his claim to proceed in this court. Accordingly, the motion for reconsideration (doc. # 19) is **denied**.

In his motion for reconsideration Gyadu requests leave to amend his complaint. *See* doc. # 19 at 15. The request is renewed in the separately filed motion to reopen the judgment. *See* doc. # 21 at 2-3. Generally, leave to amend is freely given. *Foman v. Davis*, 371 U.S. 178, 182 (1962). Leave to amend, however, may properly be denied for "undue delay, bad faith or

dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Foman*, 371 U.S. at 182. It also well established that a party who seeks to file an amended complaint postjudgment must first have the judgment vacated or set aside pursuant to Rules 59(e) or 60(b) of the Federal Rules of Civil Procedure. *See Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991). Only under exceptional circumstances shall a motion to set aside a judgment pursuant to Rule 60(b) be granted. *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1142 (2d Cir.1994) (citation omitted). Under Rule 60(b) the court may relieve a party from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

The circumstances of the case are not exceptional and do not warrant reopening of the judgment. Furthermore, even if I granted Gyadu's motion to reopen, amendment of the complaint would be futile. There exists no set of facts that Gyadu could plead that would give rise to subject matter jurisdiction over the Appellate Court's imposition of sanctions against Gyadu and the consequences that flow from his failure to comply with the sanctions order. The motion to reopen is denied; motion for leave to amend is also denied. Gyadu's motion for an extension of time (doc. # 20) is denied as moot.

So ordered.

Dated at Bridgeport, Connecticut, this 20th day of August 2010.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge